CITY OF LOUISVILLE *v.* JOSEPH STEIN, ETC.

**Municipal Corporation—Street Improvements—Action to Recover Against Property Owner—Ordinance Must be Pleaded.**

In an action to recover price of street improvement against the owners of property fronting on the street, the ordinance under which the contract was made, and also copies from the journals of the two branches of the General Council, showing the proceedings of that body had upon the adoption of such ordinance, must be incorporated in the petition.

**Same—Irregularity in Passing Ordinance—Exonerates Property Owner.**

The journal being silent as to the suspension of the rule requiring the ordinance to lie over, the presumption is that no such action was taken. This irregularity is sufficient to exonerate a property owner from paying the assessment made against him.

**Same—Liability of City for Improvements.**

Where there is an irregularity in the adoption of a city ordinance for street improvement, the city is liable to the contractor for the price of the work, as a matter of law.

February 10, 1872.

APPEAL FROM LOUISVILLE CHANCERY COURT.

OPINION OF THE COURT BY JUDGE LINDSAY:

As it was necessary that the appellees Judah & Wibben should show that the requisitions of the charter touching the improvement of streets had been fully complied with by the principal authorities of the city of Louisville, before the court would have been warranted in enforcing their claims against the owners of property fronting on the street improved, they very properly made part of their petition in the way of exhibits, not only their

contract, but the ordinance, under which the contract was made, and also copies from the journals of the two branches of the General Council showing the proceedings of that body had upon the adoption of such ordinance.

As their right to recover against the property owners depended upon the facts presented by their petition, this question could be as well tried and determined upon demurrer as upon hearing. We are of opinion that the chancellor did not err in sustaining the demurrer. Indulging in all reasonable presumptions in favor of the regularity of the action of the city legislature. There is nothing whatever in the record of the proceedings of the common council tending to show that the requisition of the charter requiring ordinances to be read on two different days was dispensed with by that branch of such legislature. It is manifest that it was finally acted on by the common council on the same day that it was received from the board of aldermen. The journal being silent as to the suspension of the rule requiring the ordinance to lie over, we must conclude that no such action was taken. This irregularity was sufficient to exonerate the property owners from paying the assessment made against them.

This being true the liability of the city to pay for the cost of the improvement followed as matter of law. If the proceedings of the General Council as exhibited by appellees was incomplete, the city might have set up this fact by way of answer to the claim asserted against it by the amended petition. The city failing to answer, the facts presented by the record clearly entitle the appellees to the judgment rendered in their favor.

Judgment affirmed.

*Fox, for appellant.*

*Elliott, Russell, for appellees.*